# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-24876-BLOOM/Louis

JEFFREY P. STERN, et al.,

     Plaintiffs,

v.

THE FIRST LIBERTY INS. CORP.,

     Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs, Jeffrey P. Stern and Sheilah R. Stern's ("Plaintiffs"), Motion to Remand, ECF No. [10] ("Motion"). Defendant, The First Liberty Insurance Corporation ("Defendant"), filed its Response to Plaintiffs' Motion to Remand, ECF No. [13] ("Response") to which Plaintiffs filed their Reply to Response to Motion to Remand, ECF No. [15] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.     BACKGROUND

Plaintiffs filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on June 21, 2019 and served Defendant on July 5, 2019. ECF No. [1]. Plaintiffs bring nine counts against Defendant sounding in contract, tort, and statutory violations arising from Defendant's alleged failure to pay an insurance claim for property damage to Plaintiffs' property on or about November 1, 2015. ECF No. [1-6]. In the Complaint, Plaintiffs allege that the

damages are in excess of $15,000.00, exclusive of interest, costs, and attorney's fees. *Id.* Plaintiffs additionally seek attorney's fees pursuant to Florida Statutes §§ 627.70131 and 627.428(1). *Id.*

On November 25, 2019, Defendant filed its Notice of Removal, ECF No. [1] ("Removal Notice"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting diversity jurisdiction. In the Removal Notice, Defendant contends that the amount in controversy exceeds $75,000.00 based on four items: (1) Plaintiff Sheilah Stern's answers to Defendant's first set of interrogatories in which she indicated that she is seeking "$268,848.64 for coverage under the dwelling" based on a "detailed 45-page damage report and estimate" that was prepared by Stellar Public Adjusting Services ("Stellar Report") that Defendant should "refer to[.]" ECF No. [1-3]; (2) the Stellar Report indicating total damages of $268,848.64, ECF No. [1-4]; (3) Plaintiffs' Statement of Loss Worksheet listing total coverages of $290,586.64 under the policy, ECF No. [1-5]; and (4) the Complaint's demand for attorney's fees, which fees are authorized by statute, ECF No. [1] at ¶ 20. Defendant asserts that the Removal Notice was filed within thirty days of receipt of Plaintiffs' answers to interrogatories, the Stellar Report, and the Statement of Loss Worksheet. *Id.* at ¶ 10.

Plaintiffs now file the instant Motion seeking to remand the action back to state court. ECF No. [10]. The Motion concedes that the parties are diverse but argues that the Court cannot exercise subject matter jurisdiction over this action. *Id.* More specifically, Plaintiffs maintain that the amount in controversy does not exceed $75,000.00 because the Stellar Report is a "pre-suit demand" that cannot underlie diversity jurisdiction, the attorney's fees demanded in the Complaint are unspecified and require speculation, Defendant cannot rely upon the Stellar Report for removal purposes after having previously rejected the document's accuracy, remand will conserve limited federal judicial resources, and the State of Florida's interest in adjudicating insurance matters disfavors adjudication in federal court. *Id.*

Defendant responds that the case is properly situated in federal court. ECF No. [13]. It contends that Plaintiffs improperly analyzed the Removal Notice's bases for removal by mischaracterizing the Stellar Report as a "pre-suit demand." *Id.* Defendant stresses that even if the Stellar Report was part of a "pre-suit demand," removal is nonetheless proper because Defendant timely removed upon receipt of Plaintiff Sheila Stern's interrogatory answers. *Id.* Moreover, Defendant responds that federal court resources, docket loads, and a state court's interests in adjudicating the matter are irrelevant to the remand-removal analysis once a district court has subject matter jurisdiction over an action. *Id.*

In the Reply, Plaintiffs for the first time argue that the Removal Notice is untimely pursuant to 28 U.S.C. § 1446(b). ECF No. [15]. Plaintiffs assert that Defendant should have known that the lawsuit was removable to federal court as of June 21, 2019 at the very latest. *Id.* In particular, Plaintiffs state that they demanded policy limits in their June 21, 2019 Notice of Civil Remedy ("CRN"),[1] ECF No. [15-1], which insurance policy provides $362,300 in Coverage A limits. *Id.* at ECF No. [15]. Plaintiffs also contend that Defendant's public adjusters' investigations indicated that the property at hand suffered certain damage so as to trigger the CRN's demand for policy limits. *Id.* Moreover, Plaintiffs claim that Defendant was aware that the amount in controversy exceeded $75,000.00 based on the "business practice" of public adjusters. *Id.*

The Motion is now ripe for adjudication.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter

---

[1] Plaintiffs neither referenced the CRN nor attached a copy of it to the Motion even though it was a document that was submitted on their behalf to the Florida Department of Financial Services.

jurisdiction. 28 U.S.C. § 1441(a). The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg.*, *LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co.*, *Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

Through this lens, the Court analyzes the instant Motion and the parties' arguments.

## III.  DISCUSSION

Deciding whether this case should be remanded to state court raises two overarching issues. The first is whether Defendant timely filed the Removal Notice, and the second is whether the jurisdictional threshold for the amount in controversy has been satisfied. The Court will address the issue of timeliness first and then address Plaintiffs' remaining arguments.

### A.  The removal notice's timeliness

After Defendant filed its Response to the Motion, Plaintiffs first raised the argument in their Reply that the Removal Notice was untimely. ECF No. [15]. In support, Plaintiffs assert that the CRN was filed on June 21, 2019—the very same day that Plaintiffs filed the Complaint in state court—and that the CRN demanded policy limits, which limits exceeded $75,000.00. *Id.* at ¶¶ 2-

3. Plaintiffs add that Defendant's public adjusters' investigations pre-suit found damage at Plaintiffs' property that should have triggered the CRN's demand, *id.* at ¶¶ 4-9, and that Defendant was aware of the damages pre-suit because "it is the business practice of public adjusters and an insurance company's adjusters to discuss damages and the valuation of same during the claims process." *Id.* at ¶ 13. Plaintiffs, accordingly, conclude that Defendant's removal was untimely because it "has known since at least June 21, 2019, that Plaintiffs claimed substantial damages in excess of $75,000.00." *Id.* at ¶ 14. The Court is not persuaded that the Removal Notice is untimely.

As an initial matter, untimeliness of removal is a procedural, rather than jurisdictional, defect. *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997). The distinction between jurisdictional and procedural defects is significant because motions challenging removal on the basis of the absence of subject matter jurisdiction may be made at any time but a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" *See* 28 U.S.C. § 1447(c); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) ("Plaintiffs have only 30 days from the notice of removal to file a motion to remand challenging any procedural defects in the removal.").

The failure to challenge a procedural defect, such as untimely removal, during the 30 day period operates as a waiver of that procedural deficiency. *See Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989); *see also N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (holding that where plaintiff's remand motion was timely filed within thirty days but no defect in the removal procedure was ever raised until a reply brief filed more than thirty days after the removal petition, plaintiff had waived any

procedural objections); *Clark v. USAA Cas. Ins. Co.*, No. 3:15-CV-935-J-34JBT, 2015 WL 7272305, at *2 (M.D. Fla. Nov. 18, 2015) (plaintiff waived argument that removal notice was untimely where plaintiff raised that argument for the first time at the hearing on the motion to remand); *Robinson v. Affirmative Ins. Holdings, Inc.*, No. 2:12-CV-2159-SLB, 2013 WL 838285 (N.D. Ala. March 1, 2013) (by filing a motion to remand challenging only the amount in controversy, plaintiff expressly waives any objection to defendants untimely removal); *Hoste v. Shanty Creek Mgmt., Inc.*, 246 F. Supp. 2d 776, 780 (W.D. Mich. 2002) (holding that plaintiff's assertion of the removal notice's untimeliness was itself untimely when first raised thirty-six days after the notice of removal was filed, despite the timely filing of a remand motion); *Engh v. SmithKline Beecham Corp.*, No. CIV. 07-3483 MJD/SRN, 2007 WL 4179361, at *2 (D. Minn. Nov. 20, 2007) (court refused to entertain plaintiffs' argument that remand was necessary due to untimeliness of the removal notice when plaintiffs first raised the issue in its reply brief almost two months after the removal notice was filed).

Plaintiffs' argument regarding the Removal Notice's untimeliness is itself belated. The Removal Notice was filed on November 25, 2019, ECF No. [1], but the Reply brief raising the timeliness argument was filed forty-four days later on January 8, 2020, ECF No. [15]. Critically, it is improper to raise an argument for the first time in a reply. *See, e.g.*, *Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotations omitted); *Willis v. DHL Global Customer Sols. (USA), Inc.*, No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally

do not consider these arguments). Plaintiffs, accordingly, have waived that argument. Even if

properly and timely asserted, the Court finds Plaintiffs' argument unavailing.

Although a CRN may be sufficient evidence to establish an amount in controversy, it is

only where the CRN's demand for policy limits is not conclusory in nature. *See, e.g.*, *McLean v.*

*Travelers Commercial Ins. Co.*, No. 13-80646-CIV, 2013 WL 12089977, at *3 (S.D. Fla. Oct. 3,

2013) (finding that the CRN was not persuasive evidence concerning the amount in controversy

where it merely referenced unsupported demand letters seeking the policy limit); *Collins v. GEICO*

*v. GEN. Ins. Co.*, No. 8:16-CV-280-T-24-MAP, 2016 WL 890089, at *3 (M.D. Fla. Mar. 9, 2016)

(holding that CRN contained conclusory allegations and therefore was insufficient to show the

amount in controversy exceeded $75,000.00); *Houston v. Garrison Prop. & Cas. Ins. Co.*, No.

8:14-CV-01944-EAK, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014) (concluding that the

plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing

$56,255.17 in medical bills, were insufficient to establish diversity jurisdiction).

In this case, the CRN makes the blanket assertion that "[s]hould the insurer fail to comply

with the demands set forth in this civil remedy notice, the insurer must prepare to pay the full cost

of its failure to rightfully indemnify the insureds, . . . including but not limited to payment of policy

limits should the insured's property become structurally unsound as a result of the insurer's refusal

to adhere to the terms of its own policy." ECF No. [15-1]. This demand, without more, does not

establish a basis for removal. It is a non-specific demand for policy limits. The CRN does not

refer to nor detail specific property damage, explain financial estimates for repairs, or provide

information that supports invoking the policy limit.[2] Policy limits, in and of themselves, "are not

---

[2] The Court acknowledges the CRN states that "[a]ll post-loss documents and estimates were provided to the insurer and the insurer refused to properly adjust the claim." ECF No. [15-1]. That statement, however, is *ipse dixit* and, in any event, is undermined by Defendant's declaration that it did not receive the Stellar estimate dated April 7, 2017, prior to Plaintiffs filing the lawsuit. ECF No. [13-8]. Plaintiffs have not

reliable indicators of the actual value of" a claim because a "policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *See Houston*, 2014 WL 646908, at *3 (citation omitted).

Because the Court finds that Plaintiffs have waived the argument that the Removal Notice is untimely, the Court need not address whether pre-suit documents constitute "other paper" that trigger the thirty-day period for removal under 28 U.S.C. § 1446(b)(3).

### B.     The amount in controversy

Plaintiffs argue that remand is warranted because Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See* ECF No. [10]. In particular, Plaintiffs contend that the items attached to the Removal Notice are "pre-suit demands or settlement negotiations" that cannot be relied upon for removal purposes. *Id.* Defendant responds that Plaintiffs mischaracterize the nature of the removal documents, and that removal was proper even if the items at hand were part of a pre-suit demand. ECF No. [13]. The Court agrees.

First, the Court notes that the Removal Notice was not based on a pre-suit demand but rather, in part, on Plaintiffs' interrogatory answers and the Stellar Report. ECF No. [1]. Answers to discovery requests—including responses to requests for admission and interrogatories— constitute "other paper" pursuant to 28 U.S.C. § 1446(b). *Lowery*, 483 F.3d at n.62; *Punales v.*

---

provided any actual evidence that Defendant received the CRN or their adjuster's estimate pre-suit. Additionally, although Plaintiffs assert that Defendant's public adjusters' investigations triggered the policy limits demanded in the CRN, ECF No. [15] at ¶¶ 4-9, the actual correspondence from Defendant referenced in the Response does not state that over $75,000.00 of damage had occurred. ECF Nos. [13-1, 13-4]. The first letter reflecting SDII Global Corporation's investigation explains that "structural damage exists" at the property not due to sinkhole activity. ECF No. [13-1]. The second letter reflecting Central Florida Testing Lab's investigation concludes that no "collapse" occurred at the property. ECF No. [13-4]. Neither of these letters include financial valuations nor explain in much detail the extent of specific damage to the property.

*Hartford Ins. Co. of Midwest*, No. 1:18-CV-25445-DPG, 2019 WL 3369104, at *3 (S.D. Fla. July 26, 2019); *Flores v. Se. Mech. Contractors, LLC*, No. 10-61391-CIV, 2010 WL 11597926, at *3 (S.D. Fla. Sept. 30, 2010); *Wilburn v. Geovera Specialty Ins. Co.*, No. 18-61740-CIV, 2018 WL 5098969, at *3 (S.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, No. 18-61740-CIV, 2018 WL 5098840 (S.D. Fla. Oct. 9, 2018). Plaintiff Sheilah Stern's interrogatory responses explicitly mention and incorporate the Stellar Report as a basis for damages claimed in this lawsuit. ECF No. [1-3].

Detailed public adjuster estimates that delineate corroborating evidence of the damages can provide a firm basis for removal. *See, e.g.*, *Punales*, 2019 WL 3369104, at *2-3 (removal clock was triggered by 28 page estimate containing "specific and detailed information about damages to the residence in line-item form"); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, No. 18-60562-CIV, 2018 WL 3672265, at *5-6 (S.D. Fla. July 24, 2018), *report and recommendation adopted*, No. 18-CV-60562, 2018 WL 4409851 (S.D. Fla. Aug. 16, 2018) (public adjuster's estimate "delineat[ing] in line-item form the various losses and damages sustained by Plaintiff" in the amount of $816,318 "firmly establishe[d]" the court's jurisdiction); *Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-CV-21180-KMM, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) (removal was supported by public adjuster repair estimate that was an "honest assessment of damages" and reflected "specific information to support Plaintiff's claim for damages" through "itemized" and "highly detailed repair costs"); *Soares v. Scottsdale Ins. Co.*, No. 19-CV-22421, 2019 WL 3773649, at *3 (S.D. Fla. Aug. 12, 2019) (public adjuster's estimate report supported removal).

The Stellar Report falls within the class of adjuster estimates that can trigger the removal clock. The Stellar Report is a "detailed" 45-page line-item estimate that specifies the repairs allegedly needed to the property by room and by category of repairs. *See* ECF Nos. [1-3] and [1-

4]. Given this evidence, Defendant prudently removed this case within 30 days of receipt of the interrogatory responses and Stellar Report. Failure to have removed within that timeframe would have supported remand. *See, e.g.*, *Punales*, 2019 WL 3369104, at *3-4 (remand ordered where defendant removed over 30 days after receipt of interrogatory answers and public adjuster estimate that showed that the amount in controversy exceeded $75,000.00).

Second, even if the items were part of a pre-suit demand, they together constitute sufficient evidence for establishing the amount in controversy. "[E]vidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met." *Wrubel v. Safeco Ins. Co. of Illinois*, 266 F. Supp. 3d 1372, 1374 (S.D. Fla. 2017). This is especially so where the demand contains specific and corroborating evidence reflecting an honest assessment of damages rather than mere puffing and posturing. *Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013); *see also Shields v. Fresh Mkt., Inc.*, No. 19-CV-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) (explaining that while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when it is "combined with" supporting documentation, it can establish the amount in controversy); *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (detailed pre-suit demand letter delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians which could be considered reliable evidence that damages exceeded $75,000.00); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (the amount in controversy was met where Plaintiff had made a pre-suit demand, based on medical reports, in the amount of $58,995.78 in current medical expenses and $39,800.00 in future medical expenses); *Livolsi v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-80407, 2017 WL 7792572, at *2 (S.D. Fla. June 30,

2017) (remand avoided based, in part, on demand letter that "is specific and details past and future medical expenses" exceeding the jurisdictional threshold). Here, as noted, the documents relied upon by Defendant in the Removal Notice are the types of materials that support removal.

Plaintiffs also challenge Defendant's removal on the basis that the Complaint demands attorney's fees. ECF No. [10]. The Complaint, in particular, alleges that Plaintiffs are entitled to attorney's fees pursuant to Fla. Stat. §§ 627.70131 and 627.428. The Complaint, however, does not allege the specific amount of fees accrued nor does the Removal Notice provide any detail or evidence of the amount of fees incurred at the time of removal.

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Soares*, 2019 WL 3773649, at *3 (citation omitted). "Attorney's fees only count towards the amount in controversy if they are recoverable by statute or contract. . . . post-removal events, such as the subsequent generation of attorney fees, will not retroactively establish subject-matter jurisdiction." *Rogatinsky v. Metro. Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009). [3] "The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need 'to establish the amount in controversy beyond all doubt or banish all uncertainty about it.'" *Soares*, 2019 WL 3773649, at *3 (citation omitted).

Here, if Plaintiffs were to prevail in this action, they would be entitled to an award of attorney's fees under Fla. Stat. § 627.428(1). Defendant has not provided any evidence regarding

---

[3] The Court acknowledges the split across district courts in the Eleventh Circuit on whether reasonable attorney's fees included in the amount in controversy consist only of those fees already accrued at the time of removal or of a reasonable projection of attorney's fees through trial. *Compare DO Rests., Inc.*, 984 F. Supp. 2d at 1345, *with Bender v. GEICO Gen. Ins. Co.*, No. 8:17-CV-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017). The Court need not take a position on this issue because the amount in controversy has been established based on the items attached to the Removal Notice, which exceed $75,000.00 exclusive of attorney's fees.

this figure nor did it address Plaintiffs' argument on this point in its Response, ECF No. [13].[4] The demand for attorney's fees, listed as a ground for removal in the Removal Notice, therefore is insufficient evidence to support removal. Nonetheless, for the reasons set forth above, the Court concludes that the amount in controversy exceeds the jurisdictional threshold to establish diversity jurisdiction by a preponderance of the evidence.

### C. Defendant's belief in the Stellar Report's validity

Plaintiffs appear to argue that Defendant cannot use the Stellar Report for calculating the amount in controversy because Defendant seemingly disavowed the report's findings. More specifically, Plaintiffs argue that Defendant retained public adjusters "to refute that Plaintiffs are owed any amounts," ECF No. [10] at ¶ 12, the Stellar Report "has been labeled by Defendant as unsatisfactory and unreliable," *id.* at ¶ 13, and that it is "disingenuous" for Defendant to rely on the document when it has previously taken the position that the document is inaccurate. *Id.* at 7. Defendant counters that its response to Plaintiffs' demands and the Stellar Report are immaterial to the amount in controversy inquiry. ECF No. [13] at 14. The Court agrees.

A defendant is entitled to rely on a plaintiff's public adjuster's valuation for removal purposes while also rejecting the validity of the adjuster's findings. *See Garcia v. Scottsdale Ins. Co.*, No. CV 17-24565-CIV, 2018 WL 8334024, at *2 (S.D. Fla. May 24, 2018) (finding the argument that the insurer "cannot rely on the [plaintiff's] adjuster's demand because [the insurer] itself claimed the demand amount was too high" "misses the mark" because this "is precisely what renders the claim an amount *in controversy*") (emphasis in original). Importantly, the relevant inquiry on removal "is *plaintiff* focused." *Wilt v. Depositors Ins. Co.*, No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *8 (M.D. Fla. Nov. 26, 2013) (citation omitted; emphasis in original).

---

[4] The Court will not speculate as to the amount of attorney's fees generated prior to removal given the paucity of detail alleged in the Complaint regarding attorney's fees.

A defendant's belief in the merits of a plaintiff's claim or of the value of a claim's potential financial exposure is not dispositive. For instance, "a defendant's settlement offer is not evidence of a low amount in controversy because . . . such an offer is likely to reflect defendant's belief that the plaintiff may be unable to establish liability." *Id.*; *see also Padilla v. Safeco Ins. Co. of Ill.*, No. 6:18-cv-930-Orl-37TBS, 2018 WL 3202080, at *2 (M.D. Fla. June 28, 2018) ("The fact that [defendant] has failed to offer a settlement amount in excess of the jurisdictional limit is of no moment in the determination of the amount in controversy."). Accordingly, the Court finds Plaintiffs' argument to be unpersuasive.

### D. Limited federal judicial resources

Plaintiffs maintain that remand is appropriate because it "will serve to conserve the limited resources of the Federal Bench," diversity cases are more likely to go to trial and to require judicial labor, and the Southern District of Florida "has one of the busiest dockets in the country." ECF No. [10] at 9-10. Defendant responds that Plaintiffs effectively "ask this Court to nullify the removal statute" because these are not components that factor into the removal analysis. ECF No. [13] at 15. The Court agrees that Plaintiffs' argument is without merit and fails to provide any case law to support their contention.

A state court action that invokes federal court jurisdiction and which is properly removed to federal court cannot be remanded because the case may become a financial burden on the court. The Supreme Court has stressed that

> [r]emoval of cases from state courts has been allowed since the first Judiciary Act, and the right to remove has never been dependent on the state of the federal court's docket. It is indeed unfortunate if the judicial manpower provided by Congress in any district is insufficient to try with reasonable promptness the cases properly filed in or removed to that court in accordance with the applicable statutes. But an otherwise properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such

reason.

*Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 344 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Indeed, that "justice may move more slowly in some federal courts than in their state counterparts is not one of the considerations that Congress has permitted the district courts to recognize in passing on remand issues." *Id.* at 351. Plaintiffs' position, therefore, is unavailing.

### E. Florida state court interest in adjudicating insurance disputes

Plaintiffs' final argument in favor of remand is that the State of Florida and its courts have an interest in adjudicating insurance matters that occur within Florida. ECF No. [10] at 10-11. Plaintiffs contend that Florida law contains "numerous idiosyncrasies" in the insurance context, and they characterize Florida's interest in "protecting its citizens" in insurance matters as "paramount." *Id.* Defendant responds that Florida state courts' interest in adjudicating insurance actions is of no moment to the analysis of whether removal is proper. ECF No. [13] at 16-17. It further adds that Plaintiffs' argument—made by Plaintiffs' counsel in numerous other cases—has been rejected routinely by fellow courts within this district. *Id.* at 16. (citing *Verneus v. AXIS Surplus Ins. Co.*, No. 16-21863-CIV, 2016 WL 8813984, at *3 (S.D. Fla. Nov. 8, 2016) (Goodman, J.), *report and recommendation adopted*, No. 16-21863-CIV, 2017 WL 1536053 (S.D. Fla. Feb. 22, 2017) (Martinez, J.); *Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, No. 15-23420-CIV, 2016 WL 1756911, at *4 (S.D. Fla. May 3, 2016) (Goodman, J.); *Swain v. Am. Sec. Ins. Co.*, No. 17-21688-CIV, 2017 WL 3880299, at *2 (S.D. Fla. Aug. 14, 2017) (Otazo-Reyes, J.); *Valladares v. Praetorian Ins. Co.*, No. 16-21678-CIV, 2017 WL 272310, at *2 (S.D. Fla. Jan. 20, 2017) (Gayles, J.); *Lauderhill Mall Inv., LLC v. Arch Specialty Ins. Co.*, No. 1:14-CV-21003-UU, 2014 WL 11906635, at *2 (S.D. Fla. May 13, 2014) (Ungaro, J.)).

For the same reasons expressed by other courts in prior cases, the Court finds Plaintiffs' argument is without merit. "[W]hile Florida has an interest in adjudicating insurance matters, the extent of a state's interest in adjudicating a given matter has no bearing on whether the Court is vested with jurisdiction or whether removal is proper." *Verneus*, 2016 WL 8813984, at *3 (quoting *Aventura Brentwood, LLC v. Scottsdale Ins. Co.*, 15-cv-21092-UU (S.D. Fla. May 14, 2015), ECF No. [15-3]). The removal statute, 28 U.S.C. § 1441, creates a right to remove, and once the requirements have been satisfied, removal is proper. *Katchmore Luhrs, LLC*, 2016 WL 1756911, at *4.

Plaintiffs provide no authority supporting their contention that Florida's purported interest in resolving insurance disputes requires the remand of a case that is properly removed to federal court.[5] Such an argument neuters the governing statute and requires this Court to find that its interest in adjudicating insurance claims properly before it must give way to the state courts supposed superior interest. As noted by one court, this argument is "flawed" and "displays a fundamental misunderstanding of the law." *See Lauderhill Mall Inv., LLC*, 2014 WL 11906635, at *2. *See also Katchmore Luhrs, LLC*, 2016 WL 1756911, at *4 (describing the argument as "entirely unconvincing" and one that "has no bearing on removal for diversity").

Therefore, none of Plaintiffs' arguments provide a reason to remand this case to state court.

---

[5] The cases Plaintiffs reference do not stand for the proposition that Florida state courts should hear cases involving insurance companies instead of federal courts sitting in diversity jurisdiction. These cases are entirely unrelated to Plaintiffs' claims except that they involve claims against an insurance company that were adjudicated in state court. *See Berges v. Infinity Ins. Co.*, 896 So. 2d 665 (Fla. 2004) (holding evidence supported a finding of bad faith); *Fla. Mun. Ins. Trust v. Village of Golf*, 850 So. 2d 544 (Fla. 4th DCA 2003) (finding that an insurer may be estopped from denying coverage and that there was a need for a new trial based on an erroneous jury instruction); *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1164–65 (Fla. 2006) (stating that Florida has an interest in protecting its citizens from inequitable insurance contracts). Most striking, none of these cases even concern removal.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand, **ECF No. [10]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 23, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record